## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| ADVANCED DISPOSAL SERVICES, INC., MICHAEL KOEN, B. CLYDE PRESLAR, RICHARD BURKE, TANUJA M. DEHNE, E. RENAE CONLEY, MICHAEL HOFFMAN, and ERNEST J. MROZEK, | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 15, 2019 (the "Proposed Transaction"), pursuant to which Advanced Disposal Services, Inc. ("Advanced Disposal" or the "Company") will be acquired by Waste Management, Inc. ("Parent") and Everglades Merger Sub Inc. ("Merger Sub," and together with Parent, "Waste Management").

2. On April 14, 2019, Advanced Disposal's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Waste Management. Pursuant to the terms of the Merger Agreement, Advanced Disposal's stockholders will receive $33.15 in cash for each share of Advanced Disposal common stock they own.

3. On May 10, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Advanced Disposal common stock.

9. Defendant Advanced Disposal is a Delaware corporation and maintains its principal executive offices at 90 Fort Wade Road, Ponte Vedra, Florida 32081. Advanced Disposal's common stock is traded on the New York Stock Exchange under the ticker symbol "ADSW."

Advanced Disposal is a party to the Merger Agreement.

10. Defendant Michael Koen is a director of the Company.

11. Defendant B. Clyde Preslar is a director of the Company.

12. Defendant Richard Burke is Chief Executive Officer and a director of the Company.

13. Defendant Tanuja M. Dehne is a director of the Company.

14. Defendant E. Renae Conley is a director of the Company.

15. Defendant Michael Hoffman is a director of the Company.

16. Defendant Ernest J. Mrozek is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Advanced Disposal (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of April 10, 2019, there were approximately 88,728,473 shares of Advanced Disposal common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. Advanced Disposal, based in Ponte Vedra, Florida, is the fourth largest solid waste company in the United States and provides integrated, non-hazardous solid waste collection, recycling and disposal services to residential, commercial, industrial, and construction customers across sixteen states and the Bahamas.

26. On April 14, 2019, Advanced Disposal's Board caused the Company to enter into the Merger Agreement with Waste Management.

27. Pursuant to the terms of the Merger Agreement, Advanced Disposal's stockholders will receive $33.15 in cash for each share of Advanced Disposal common stock they own.

28. According to the press release announcing the Proposed Transaction:

Waste Management, Inc. (NYSE: WM) and Advanced Disposal Services, Inc. (NYSE: ADSW) announced today that they have entered into a definitive agreement under which a subsidiary of Waste Management will acquire all outstanding shares of Advanced Disposal for $33.15 per share in cash, representing a total enterprise value of $4.9 billion when including approximately $1.9 billion of Advanced Disposal's net debt. The per share price represents a premium of 22.1% to Advanced Disposal's closing share price as of April 12, 2019, the last trading day prior to today's announcement, and a premium of 20.9% to Advanced Disposal's 30-day volume weighted average price as of the same date.

Waste Management is North America's premier environmental solutions company. This acquisition grows Waste Management's footprint and allows Waste Management to deliver to Advanced Disposal customers unparalleled access to differentiated, sustainable waste management and recycling services. With 2018 revenues of $1.56 billion, adjusted EBITDA of $427 million and approximately 6,000 employees, Advanced Disposal serves more than 3 million residential, commercial, and industrial customers, including over 800 municipalities primarily in 16 states in the Eastern half of the United States. Advanced Disposal's solid waste network includes 94 collection operations, 73 transfer stations, 41 landfills, and 22 owned or operated recycling facilities. . . .

Financing

The transaction is not subject to a financing condition. Waste Management intends to finance the transaction using a combination of bank debt and senior notes.

Following completion of the transaction, Waste Management expects to maintain a strong balance sheet and solid investment grade credit profile with a pro forma leverage ratio within the Company's long-term targeted net debt-to-EBITDA range of 2.75x to 3.0x.

Timing and Approvals

The transaction, which was unanimously approved by the boards of directors of both companies, is expected to close by the first quarter of 2020, subject to the satisfaction of customary closing conditions, including regulatory approvals and approval by a majority of the holders of Advanced Disposal's outstanding common shares.

In connection with the definitive agreement, Canada Pension Plan Investment Board, which owns approximately 19% of Advanced Disposal's outstanding shares, has, under the terms of a voting agreement, agreed to vote its shares in favor of the transaction. . . .

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

29. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

30. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

31. First, the Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, UBS Investment Bank ("UBS").

32. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) all line items used to calculate Cash Flow from Operations less Adjusted Capital Expenditures; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

33. With respect to UBS's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the standalone, unlevered, free cash flows that Advanced Disposal was forecasted to generate from January 1, 2019 through December 31, 2023 and all underlying line items; (ii) the terminal values for Advanced Disposal; (iii) UBS's basis for applying a range of estimated terminal last twelve months Market Adjusted EBITDA multiples of 9.5x to 11.5x; and (iv) the individual inputs and assumptions underlying the discount rates ranging from 8% to 9%.

34. With respect to UBS's Public Research Analyst Targets and Trading History Analysis, the Proxy Statement fails to disclose: (i) the individual price targets for Advanced Disposal; and (ii) the sources thereof.

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. Second, the Proxy Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company, including those executed by "Company A" and "Company B."

37. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

38. Third, the Proxy Statement fails to disclose the timing and nature of the past services UBS provided to Canada Pension Plan Investment Board, which owns approximately 19% of Advanced Disposal's outstanding shares and which entered into a voting agreement in connection with the Proposed Transaction, as well as the amount of compensation UBS received for providing such services.

39. Fourth, the Proxy Statement omits material information regarding the background of the Proposed Transaction.

40. The Proxy Statement fails to disclose the terms of the joint defense agreement executed by the Company and Waste Management on December 7, 2018.

41. The Proxy Statement also fails to disclose the timing and nature of the Company's discussions with Company A and Company B regarding a potential merger that led to the

termination of such discussions.

42. The Company's stockholders are entitled to an accurate description of the process leading up to the Merger Agreement.

43. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Board and Reasons for Recommendation; (iii) Opinion of Financial Advisor; and (iv) Projected Financial Information.

44. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Advanced Disposal**

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Advanced Disposal is liable as the issuer of these statements.

47. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

48. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

50. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

51. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of Advanced Disposal within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Advanced Disposal and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

57. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 17, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*